IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUBLIN GENERAL STORE, LTD.
  *Petitioner,*

v.

DEPARTMENT OF TREASURY;
BUREAU OF ALCOHOL, TOBACCO,
AND FIREARMS
  *Respondent.*

---

## PETITION FOR JUDICIAL REVIEW

Petitioner Dublin General Store, Ltd. ("Petitioner"), pursuant to 18 U.S.C. § 923(f)(3), hereby requests judicial review as to revocation of its firearms dealer license, and states as follows:

1. Petitioner files the instant petition pursuant to 18 U.S.C. § 923(f)(3).

2. This Court is the proper venue because it is the district in which Petitioner has its principal place of business.

3. On November 1, 2022, ATF Director of Industry Operations B. Scott Mendoza served upon Petitioner a Final Notice, revoking ATF License No. 4-28-101-01-4E-29579, effective 60 calendar days after receipt. (See **Exhibit A**).

4. Petitioner submits that, based upon the facts and circumstances of the case, the Attorney General should not have revoked its license, and seeks an order of this Court, directing restoration of its license.

5. Petitioner has been licensed to sell firearms since 1985.

6. On August 31, 2019, a fire destroyed Petitioner's store and, as a result, all firearms sales were suspended for a period of roughly 12 months, with the store reopening on September 19, 2020.

7. Upon information and belief, it was during that time when the ATF changed its rule that a valid Michigan Concealed Pistol License ("CPL") was no longer an acceptable alternative to the National Instant Criminal Background Check System ("NICS").

8. As stated by Petitioner's owner at the administrative hearing on this matter, he was unaware of the aforementioned change in requirements, and cannot recall being informed of the same by the ATF prior to recommencing sales.

9. Moreover, while Petitioner did sign an acknowledgement of regulations form, he was unaware that the change in rule regarding background checks had been instituted; as such, he did not willfully violate the regulatory provisions of the Gun Control Act of 1968 ("GCA").

10. At the administrative hearing, despite the ATF attorney's recommendation that Petitioner only receive a fine rather than revocation based upon insufficient evidence of willfulness, the DIO Mendoza found otherwise.

11. Petitioner submits that, upon a de novo review of the evidence, including the testimony of Petitioner's owner, that it will determine the facts and equity dictate that, due to a lack of willfulness, a monetary fine, rather than license revocation, is the appropriate remedy to the alleged violation.

WHEREFORE, Petitioner respectfully requests that this Honorable Court:

A. REVERSE the ATF's Revocation of Petitioner's License;

B. PROVIDE such other relief to Petitioner as it deems just and equitable under the circumstances.

                                      Respectfully submitted,
                             **PEZZETTI, VERMETTEN & POPOVITS, P.C.**

Date:  January 3, 2023                               _____
                                                  Mathew D. Vermetten (P43425)
                                                  Thomas A. Pezzetti (P45200)
                                                  Attorney for Petitioner
                                                  600 E. Front Street, Suite 102
                                                  Traverse City, MI 49686
                                                  231.929.3450